CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 1 9 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | |
|---|---|
| CARLOS DE LA PUENTE, ) | |
| Petitioner, ) | Civil Action No. 7:06-cv-00019 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| B. A. BLEDSOE, WARDEN, ) | **By: Hon. James C. Turk** |
| Respondent. ) | **Senior United States District Judge** |

Petitioner Carlos De La Puente, a federal inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. §2241, challenging the validity of his confinement. After review of the record, the court concludes that petitioner is not entitled to relief under § 2241 and that his petition must be dismissed as a successive motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255.

I.

Petitioner was convicted in the United States District Court for the Northern District of Georgia on charges that he participated in a drug trafficking conspiracy, in violation of 21 U.S.C. § 841(A)(1), § 846, and 18 U.S.C. § 1952. He is serving a life sentence imposed for these convictions in May 1999. After his conviction and sentencing, petitioner appealed, claiming insufficiency of the evidence, improper separation of previously consolidated convictions, and improper calculation of sentence. On December 13, 2000, the United States Court of Appeals for the Eleventh Circuit affirmed his conviction and sentence. Petitioner then pursued a motion to vacate, set aside or correct sentence, pursuant to 28 U.S.C. § 2255, in the sentencing court, raising claims of ineffective assistance, Fifth and Sixth Amendment violations, and improper sentence enhancement under 21 U.S.C. § 851. The action, Case No. 1:02-cv-2202-CC, was dismissed October 31, 2002. In his pleading, petitioner asserts the following claims (1) ineffective assistance of counsel for failure to raise Apprendi claims, (2) enhancement of sentence based on prior convictions is "jurisdictionally defective," and (3) actual/factual innocence of a conspiracy from January 1, 1992, continuing until on or about March 1997, as petitioner was detained by the

1

Immigration & Naturalization Service (INS) from June 1992 until sometime in 1997. On these grounds, petitioner asserts that he is wrongfully confined and seeks immediate release.

II.

A district court may not entertain such claims in a §2241 petition, unless a motion pursuant to § 2255 is "inadequate or ineffective to test the legality of [an inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381 (1977). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997). Likewise, the simple fact that petitioner was unable, for any reason, to obtain relief under § 2255 does not establish that the remedy was "inadequate." In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). In the Jones decision, the United States Court of Appeals for the Fourth Circuit held that § 2255 is inadequate and ineffective to test the legality of an inmate's conviction when the inmate shows that:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id.

The current petition does not indicate any respect in which petitioner's claims meet the standard under Jones so as to qualify for consideration under §2241. He does not point to any recent change of substantive law, and the court is unaware of any such precedent, legalizing the conduct for which petitioner stands convicted. Petitioner claims to have new documentation indicating that he was detained by the INS for a substantial portion of the conspiracy period charged in the indictment. Such new evidence related to one's conviction, however, is not sufficient under Jones to prove that § 2255 is inadequate to test the legality of his conviction. In fact, one ground on which an inmate might be entitled to bring a second or successive § 2255 motion is "newly discovered evidence that, if proven, would be sufficient to establish by clear and convincing evidence that no

2

reasonable factfinder would have found the movant guilty of the offense."[1] See § 2255, ¶8(1). Because petitioner does not demonstrate under Jones that § 2255 is inadequate to test the legality of his detention, he is not entitled to relief under § 2241.

### III.

Based on the nature of the claims, the court will construe petitioner's pleading as a § 2255 motion. Section 2255 motions must be brought in the court which imposed the sentence. See 28 U.S.C. § 2255; see also Swain, 430 U.S. at 378. To file a second or successive § 2255 motion in the sentencing court, an inmate must first receive pre-filing authorization from the appropriate court of appeals. See 28 U.S.C. § 2255, ¶ 8. Where petitioner does not demonstrate that the court of appeals has issued him pre-filing authorization to submit a second or successive § 2255 motion, the district court has no jurisdiction to consider the merits of his § 2255 claims.

As stated, petitioner was convicted in another court. Ordinarily, this court could transfer a misfiled § 2255 motion to the sentencing court. Petitioner admits, however, that he has already pursued a § 2255 motion in the court where he was convicted, which renders his current motion successive. He also offers no indication that he has obtained certification to file a successive § 2255 motion. Because the sentencing court cannot address petitioner's successive § 2255 motion without such certification, this court does not find transfer of the case to be in the interest of justice or judicial economy. Therefore, the court will dismiss petitioner's current motion without prejudice as successive. An appropriate order shall be issued this day. If petitioner later obtains certification

---

[1]Petitioner does not state when or how he obtained the "new" documentation of his INS detention from 1992 to 1997. He also does not state any reason that he did not know of this information , or could not have discovered this information with due diligence, before trial. Even specific proof that petitioner did not commit the charged conduct does not entitle him to habeas relief under § 2241 or § 2255; both of these statutes authorize habeas relief from detention that is in violation of the Constitution or laws of the United States, and actual innocence, in and of itself, does not prove such a violation. See Herrera v. Collins, 506 U.S. 390 (1993) (actual innocence not generally a ground for habeas relief). To the extent that petitioner may already have argued on direct appeal that he could not have committed the conspiracy because he was detained during the conspiracy period, he has no ground to proceed in this court under § 2241 or § 2255, because the issue was already decided by the court of appeals. See, e.g., Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (issue already litigated on direct appeal cannot be addressed by district court under § 2255).

3

from the appropriate court of appeals to file a successive § 2255 motion, he may then submit his successive motion directly to the sentencing court.

The petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a circuit court of appeals justice or this court issues a certificate of appealability, pursuant to 28 U.S.C. §2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. §2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal, petitioner must file a notice of appeal with this court within 60 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to petitioner and to counsel of record for the respondent.

ENTER: This _18th_ day of January, 2006.

Senior United States District Judge

4